<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| JOHN H. HEUSSER, | : | **Civil Action No. 23-3718-WJM-AME** |
| | : | |
| Plaintiff, | : | **OPINION and ORDER** |
| | : | |
| v. | : | |
| | : | |
| LILY TRANSPORTATION CORP., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on the motion filed by plaintiff John H. Heusser ("Plaintiff") for leave to file a Second Amended Complaint to plead for punitive damages [D.E. 30]. Defendants Lily Transportation Corp. ("Lily"), Ironclad Logistics, LLC ("Ironclad"), Ryder Truck Rental Inc. ("Ryder"), and Felix DeLeon ("DeLeon") (collectively, "Defendants") oppose the motion.[1] The Court has considered the parties' written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion for leave to amend is granted.

---

[1] For purposes of simplicity, this Opinion will refer to the parties opposing Plaintiff's motion as "Defendants." Although this action also names Wakefern Food Corp. and Shoprite as defendants, they take no position as to this motion to amend. In his moving papers, Plaintiff states he seeks to assert a punitive damages claim only as to Lily, Ironclad, and DeLeon. *See* Aff. of Angelo S. Catanzariti, ¶ 4.

1

## I.   BACKGROUND

This personal injury action arises out of a January 31, 2022 motor vehicle accident involving the passenger vehicle operated by Plaintiff and the tractor trailer operated by DeLeon, allegedly in his capacity as the agent and/or employee of Lily and/or Ironclad.[2] At the time of the accident, both vehicles were traveling southbound in adjacent lanes on a section of Route 20 known as South McLean Boulevard, in Paterson, New Jersey. They collided near the Market Street exit when DeLeon's truck attempted to switch from the middle lane into the right lane, striking the rear, driver's side of Plaintiff's vehicle.[3] Plaintiff alleges DeLeon executed this maneuver carelessly and recklessly, without determining that he could safely enter the right lane, where Plaintiff's vehicle was already traveling. Plaintiff further alleges that, as a result of the collision and Defendants' negligence, he sustained injuries to his lumbar spine.

Plaintiff filed this action in the Superior Court of New Jersey on or about May 19, 2023. The original Complaint set forth three claims. Count One pled a common law negligence claim against DeLeon, alleging his negligent, careless, and/or reckless operation of a motor vehicle caused the accident and Plaintiff's resulting injuries. Count Two asserted a negligent entrustment claim against Lily, Ironclad, Ryder, and Wakefern, for their provision of the tractor trailer to DeLeon for his operation. Count Three asserted a direct claim of negligent hiring, training, and supervision against Lily, Ironclad, and Wakefern, alleging they had "failed to conduct an

---

[2] Although not specified in the Complaint, the Answer filed by Lily, Ironclad, Ryder, DeLeon states that DeLeon was acting in the scope of his employment for Ironclad at the time of the accident. *See* Answer to Compl., Count Two ¶ 2; Answer to Am. Compl. Count Two ¶ 2.

[3] Neither the originally filed Complaint nor the currently operative Amended Complaint contain such a detailed description of the accident. However, this information is included in the papers submitted in connection with this motion and, while it does not consider such extraneous information in deciding the merits of this motion to amend, the Court restates it here for the purpose of providing factual context.

adequate investigation as to [DeLeon's] qualifications to operate the motor vehicle prior to hiring, failed to provide adequate training and direction, did not adequately supervise the operator of the motor vehicle, and/or were otherwise negligent in [his] hiring, training, retention, and/or supervision." (Compl., Count Three ¶ 3.)

On July 12, 2023, the action was removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Thereafter, with leave of Court, Plaintiff filed an Amended Complaint naming an additional defendant, AmeriCold Logistics, alleging it negligently provided logistic, transportation, and/or business services.[4] In the motion now before the Court, Plaintiff seeks leave to file a Second Amended Complaint to plead for an award of punitive damages.[5]

## II.   DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule "embodies a liberal approach to pleading," in favor of granting leave to amend unless it would be unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3d Cir. 2006). Equitable considerations that may justify denying leave include futility of the amendment, a party's undue delay in seeking leave to amend, prejudice to the non-moving party, and bad faith. *Id.* at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[4] Subsequently, all claims against AmeriCold Logistics were voluntarily dismissed, pursuant to Federal Rule 41(a)(1)(A)(ii). *See* Stip. and Order entered Jan. 25, 2024 [D.E. 38].
[5] As a federal court sitting in diversity, this Court applies the substantive law of the forum state, New Jersey, in considering the viability of Plaintiff's proposed claim for punitive damages. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Lafferty v. St. Riel*, 495 F.3d 72, 72 (3d Cir. 2007).

Here, Plaintiff moves to amend his Complaint to plead for relief under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, *et seq.* ("Punitive Damages Act"). The Punitive Damages Act permits an award of punitive damages if "the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. 2A:15-5.12. The Supreme Court of New Jersey has held that, to justify imposition of punitive damages under the Act, "'the defendant's conduct must have been wantonly reckless or malicious.'" *Smith v. Whitaker*, 160 N.J. 221, 241 (1999) (quoting *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 49 (1984)). To demonstrate wanton recklessness, the "plaintiff must prove by clear and convincing evidence a 'deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to the consequences.'" *Id.* (quoting *Berg v. Reaction Motors Div.*, 37 N.J. 396, 414 (1962)). Moreover, upon a defendant's request, a trial involving a claim for punitive damages must be bifurcated, such that a finding of liability and predicate award of compensatory damages be made before proceeding to consider whether punitive damages are warranted. N.J.S.A. 2A:15-13(b) and (c). "As a rule, a claim for punitive damages may lie only where there is a valid underlying cause of action." *Smith*, 160 N.J. at 235 (citing *Nappe*, 97 N.J. at 45).

Here, Plaintiff bases his proposed punitive damages claim on his existing causes of action against Defendants: the negligence claim against tractor-trailer driver DeLeon and the claims for negligent entrustment and negligent hiring, training, and retention against Lily and Ironclad. In the proposed Second Amended Complaint, Plaintiff states Defendants' predicate misconduct was

done with reckless disregard for the safety of others and sets forth factual allegations in support

of that assertion. *See* Catanzariti Cert., Ex. P (attaching proposed amended pleading).[6] The

proposed Second Amended Complaint alleges DeLeon engaged in "aggressive driving" while

operating the tractor-trailer, "an inherently dangerous instrumentality," and displayed "road

rage." (*Id.*, Count Five ¶ 3.) It further alleges DeLeon's conduct was "accompanied by the

wanton and willful disregard of persons who foreseeable [sic] might be harmed by those acts

and/or omissions, namely, Plaintiff herein, in that [he] . . . operated his tractor-trailer negligently,

carelessly, and/or recklessly by maneuvering his tractor-trailer into Plaintiff's occupied lane of

travel, made an improper lane change, was distracted, drove aggressively and/or with road rage

by knowing and/or having reason to know that the adjacent lane was occupied but still entered

the lane without due regard to fellow motorists while operating an inherently dangerous

instrumentality…." (*Id.*) As to Lily, Ironclad, and Ryder, the proposed Second Amended

Complaint alleges they knew or should have known that DeLeon had in the past operated the

tractor-trailer and/or other commercial and personal motor vehicles aggressively and/or with

road rage and that he had an unsafe driving history. (*Id.* ¶ 5.) Moreover, it alleges these

Defendants failed to adhere to requirements to perform background checks and ongoing checks

concerning driver safety. (*Id.*)

 Notwithstanding these proffered allegations in support of the proposed punitive damages

claim, Defendants argue the amendment should be denied as futile, unduly prejudicial, and as

---

[6] In accordance with Local Civil Rule 15.1, Plaintiff attaches a copy of the proposed amended pleading to this motion for leave to amend. The document submitted is entitled the "Third Amended Complaint," but this designation appears to be a typographical error, as the record contains only an original Complaint and an Amended Complaint.

made for an improper purpose to expand discovery and increase the cost of litigation. They maintain that Plaintiff has merely speculated that Defendants engaged in certain conduct displaying the requisite reckless disregard for the safety of others and argue the amendment is futile because Plaintiff cannot meet the high evidentiary standard to sustain a punitive damages claim. Moreover, Defendants contend the proposed addition of a punitive damages claim amounts to an attempt to expand the scope of relevance, particularly as it pertains to Plaintiff's requests for discovery pertaining to the claims for negligent entrustment and negligent hiring, training, and retention. None of Defendants' arguments are availing.

Defendants' futility argument is misplaced because it focuses on the ultimate merits of the punitive damages claim, not the sufficiency of the pleading. Futility in the context of a motion for leave to amend a complaint means the proposed claim would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (holding same). The standard of review applicable to a Rule 12(b)(6) motion requires the Court to evaluate whether a complaint sets forth sufficient factual allegations, which, taken as true, plausibly establish the elements of a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a legally sufficient complaint must contain factual allegations, accepted as true, stating a plausible claim for relief). The correct focus is on the legal sufficiency of a claim based on a complaint's well-pleaded factual allegations, and the evidence a plaintiff may or may not have to substantiate those allegations is not germane to a Rule

12(b)(6) analysis. *Burlington Coat Factory*, 114 F.3d at 1420. In other words, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims.'" *Id.* (quoting *Scheuer v Rhodes*, 416 U.S. 232, 236 (1974)).

Applying this standard to Plaintiff's motion for leave to amend, the Court concludes Plaintiff's proposed Second Amended Complaint sets forth sufficient factual allegations to state a plausible claim for punitive damages against Defendants. As summarized above, the Second Amended Complaint alleges DeLeon operated the tractor trailer aggressively and made a lane change knowing that Plaintiff's vehicle was occupying the space in that lane, thus acting with reckless disregard for Plaintiff's safety. It further alleges that Lily and/or Ironclad knew or should have known about DeLeon's alleged history of road rage, his record of unsafe operation of a vehicle, and/or his failure to meet safety requirements for commercial vehicle operators, yet permitted him to operate the tractor trailer involved in the subject accident. Defendants' argument that Plaintiff will not be able to meet, at trial or otherwise, the high evidentiary threshold to prevail on a punitive damages claim is inapposite as a defense to this motion because that argument fails to carry their burden to demonstrate the futility, as a matter of law, of the proposed amendment.

Defendants also argue the amendment is sought to improperly expand the scope of discovery, contending Plaintiff filed this motion to strengthen his position on a then-pending discovery dispute. To some extent, Defendants' argument is moot, as the Court has already resolved that discovery dispute notwithstanding the outcome of this motion for leave to amend. *See* Order at D.E. 44 (memorializing rulings made on the record on January 25, 2024). However,

insofar as Defendants maintain Plaintiff moves to add a punitive damages claim to obtain an improper strategic advantage in this litigation, their argument is unfounded.

The dispute pending when this motion was filed arose from various interrogatories and demands for production relating to Plaintiff's claims for negligent entrustment and negligent hiring, training, and retention. Defendants objected to the discovery requests on the basis that those claims were not viable because DeLeon was acting within the scope of his employment for one or more of the Defendants at the time of the accident. Therefore, they maintained, any discovery related to such claims should be disallowed.

As that issue bears on this motion, Defendants argue that Plaintiff seeks to add a punitive damages claim only to bolster the viability of otherwise deficient claims and "avoid the discovery and relevancy limitations established by controlling precedent." Def. Opp'n at 2. In support of this argument, Defendants cite this District's opinion in *Fallon v. Marxen*, an action arising out of a motor vehicle accident in which the plaintiff had asserted claims against both the defendant tractor-trailer driver for his negligence in operating the vehicle and against his employer for its direct negligence in hiring the driver, retaining his employment, and entrusting him with the vehicle. *See Fallon v. Marxen*, No. 95-1546, 2017 U.S. Dist. LEXIS 24793, at *9 (D.N.J. July 25, 1997). There, the Court granted summary judgment in favor of the driver and employer defendants on a punitive damages claim and partial summary judgment in favor of the employer defendants on the liability claims. *Fallon*'s ruling as to the viability of plaintiff's direct claims of negligence against the employer was partly based on its observation that, although no controlling New Jersey precedent existed, various other jurisdictions had held that "when vicarious liability has been admitted, a plaintiff may not proceed on a negligent entrustment

theory." *Id.* at \*10 (citing cases). Defendants argue that, consistent with this general rule noted by *Fallon*, their stipulation that DeLeon was acting within the scope of his employment renders the negligent hiring and entrustment claims superfluous, unless, as other jurisdictions have found, there is a viable punitive damages claim. *See* Def. Opp'n at 1 and Ex. G (citing *Testa v. Senn Freight Lines, Inc.*, No. 14-0117, 2016 U.S. Dist. LEXIS 15131 (E.D. Pa. Feb. 8, 2016).).

Here, Defendants' reliance on *Fallon* is unavailing, because that decision was issued in the context of a motion for summary judgment after a full factual development of the plaintiff's claims. Indeed, despite its reference to non-binding authority from other jurisdictions concerning the redundancy of claims for direct and vicarious liability, *Fallon* ultimately concluded that the negligent hiring, retention, and entrustment claims could not withstand summary judgment because the record lacked evidence to support those claims. *Id.* at \*9-10. Similarly, its grant of summary judgment as to the punitive damages claim was also based on the lack of evidence, such that no reasonable jury could find in the plaintiff's favor. *Id.* at \*8-9. In short, *Fallon*'s conclusion that the direct claims against the employer of the tractor trailer's driver could not proceed was based on its review of the evidence of record, after the close of fact discovery on those claims, not on the viability of the claims as pled. Thus, while instructive, *Fallon* is simply not applicable to the procedural posture of this motion for leave to amend under Rule 15.

Moreover, even if *Fallon* were construed to limit Plaintiff's claims and, relatedly, the scope of discovery in the manner Defendants have argued, Defendants' contention that Plaintiff proposes a punitive damages claim as an end-run around those parameters lacks support. The assertion that Plaintiff is using Rule 15 and the amendment process to gain access to otherwise unavailable discovery implies that Plaintiff has acted in bad faith. The question of bad faith

9

requires the Court to focus on the litigant's reasons for not amending sooner. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Generally, leave to amend on such grounds is denied only upon the proffer of some "extrinsic evidence" indicating bad faith. *Id*. Here, Defendants merely point to the timing of this motion, filed by Plaintiff in the midst of a pending discovery dispute. However, their argument that the punitive damages claim is sought as a method of obtaining otherwise unavailable discovery is undermined by the Court's conclusions that much of the information and material requested by Plaintiff fell within the scope of Rule 26, in view of the existing negligence claims.[7] Defendants have simply pointed to no evidence that Plaintiff seeks leave to add a punitive damages claim for an improper purpose.

Finally, the Court finds no undue prejudice to Defendants. Undue prejudice, as a basis for denying a motion to amend, focuses on the potential effect of the proposed amendment on the opposing party. *Adams*, 739 F.2d 858, 868 (3d Cir. 1984). Although an amendment may be unduly prejudicial if it "would result in additional discovery, cost, and preparation to defend against new facts or new theories," *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001), there is no indication here that permitting Plaintiff to seek relief under the Punitive Damages Act would have a substantially adverse effect on Defendants. Fact discovery in this action remains open and ongoing, and the proposed punitive damages claim derives from the already existing liability claims arising out of the January 31, 2022 motor vehicle accident. "[P]rejudice to the non-moving party is the 'touchstone for the denial of an amendment,'"

---

[7] Defendants had not challenged the negligent entrustment and negligent hiring and retention claims on a Rule 12(b)(6) motion. The Supreme Court of New Jersey has recognized that, in some instances, a plaintiff allegedly harmed by an individual employed by another party may bring a direct claim against that individual's employer for the tort of negligent hiring and retention. *See Di Cosala v. Kay*, 91 N.J. 159, 174 (1982).

*Arthur*, 434 F.3d at 204 (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)), and the Court finds no demonstration of prejudice here.

Accordingly, the Court concludes that leave to amend the Complaint to add a punitive damages claim, and its supporting factual allegations, is warranted.

III.   ORDER

For the foregoing reasons,

**IT IS** on this 21st day of February 2024,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff's motion for leave to file an amended complaint [D.E. 30] is **GRANTED**; and it is further

**ORDERED** that, within seven days of this Order, Plaintiff shall file his Second Amended Complaint; and it is further

**ORDERED** that Defendants shall thereafter file their responsive pleadings in accordance with Federal Rule of Civil Procedure 12.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge